UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SANTOS ANTONIO ROJOP OXLAJ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al*.,

Respondents.

Case No. 1:26-cv-05128-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Santos Antonio Rojop Oxlaj filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE") or, alternatively, a bond hearing. ECF No. 1 at 20. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Guatemala, Petitioner entered the United States as an unaccompanied minor in 2024, and was taken into custody by the Department of Homeland Security ("DHS"). ECF No. 1 at 4; ECF No. 7-1 at 2. On April 6, 2024, Petitioner was released from custody on his own recognizance, but was not placed in removal proceedings at that time. ECF No. 7-1 at 2. After his release, Petitioner began living with his sister, applied for asylum, and began working as a nursery maintenance worker in Homestead, Florida. *Id*.; ECF No. 1 at 5. He was arrested by ICE at the Miami Dade County Jail on June 7, 2026 following an arrest for a hit and run and driving without a valid license. ECF No. 7-1 at 2; ECF No. 1 at 5.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC),

2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, at which they must justify the reasons underlying the revocation of his release. Petitioner has a clear liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents oppose relief, but candidly concede in their opposition that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing to determine Petitioner's suitability for release from detention" in light of his recent arrest. ECF No. 7 at 1. They further argue that his detention is mandatory under 8 U.S.C. § 1225(b)(2). *Id*. at 1–2. As it has in the past, the Court rejects Respondents' argument that Petitioner may be mandatorily detained without a bond hearing under § 1225(b)(2).

The Court finds that a post-deprivation hearing is the appropriate remedy under these circumstances. Petitioner may have violated the terms of his release given his prior arrest. The relevant question, however, is whether these events constitute changed circumstances that would justify an immigration judge revoking Petitioner's release. *See Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was formerly released on his own recognizance but detained by ICE after he was arrested for aggravated battery—despite finding that petitioner was not subject to mandatory detention under Laken Riley—because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *14–16, 18 (E.D. Cal. Oct. 16, 2025) (ordering a post-deprivation bond hearing where petitioner had multiple

United States District Court
Eastern District of California

infractions of his conditional release order). As the Government's asserted justification for Petitioner's re-detention "are not obviously pretextual" and "there is a dispute of fact as to whether Petitioner [] violated the terms of his parole" the proper remedy is "prompt, post-deprivation process" rather than immediate release. *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035-JLT-HBK, 2025 WL 2495767, at *12 (E.D. Cal. Aug. 28, 2025).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED in part, for the reasons stated in those prior orders. Respondents are ORDERED to provide a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 31, 2026

Noël Wise
United States District Judge